ROBERT, DEMANDANTE Y APELADO, *v.* JUNTA DE FARMACIA DE PUERTO RICO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Segundo, en procedimiento de *mandamus.*

No. 2782.—Resuelto en junio 29, 1923.

LICENCIAS DE FARMACÉUTICOS — *Mandamus* PARA OBTENER LICENCIA DE FARMACÉUTICO—CAUSA DE ACCIÓN.—Una persona a la cual no se le llegó a extender licencia de farmacéutico en época alguna, como demuestra la prueba en este caso, aunque pruebe que reune todos los demás requisitos a que se refiere la sección 9 de la Ley número 15 de 1921, no puede obtener tal licencia al amparo de dicha sección.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Hon. Attorney General* y *Sres. R. H. Todd, Jr., M. A. Muñoz* y *J. E. Figueras, Fiscal.*

Abogado del apelado: *Sr. José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Esta es una petición de *mandamus* en apelación, promovida a nombre de Rafael Robert para que se ordene a la

Junta de Farmacia de Puerto Rico a reconocer el derecho del peticionario a continuar ejerciendo la profesión de farmacia y a entregar a dicho peticionario su licencia de farmacéutico para que pueda ejercer libremente dicha profesión.

La petición se funda en que el peticionario presentó a la Junta de Farmacia, en octubre de 1913, una solicitud acompañada con un diploma de maestro graduado de inglés, interesando ser admitido a examen con el fin de obtener un título o licencia para ejercer la profesión de farmacia; que el peticionario se examinó de todas las asignaturas reglamentarias y fué aprobado, pagando los derechos para obtener su licencia, la cual le fué expedida, aunque no llegó a serle entregada por causas independientes a la voluntad de la junta y del peticionario; que expedida la licencia, el peticionario fué avisado por la junta para recogerla, cuando ocurrieron los inesperados sucesos que motivaron el procesamiento y remoción de algunos de los miembros que componían dicha junta, lo que motivó la ocupación por el fiscal de todos los documentos de la oficina, siendo esto la causa de que el peticionario no llegase a recoger su licencia que se hallaba entre los papeles de la junta; que después el gobierno substituyó con otras personas los miembros salientes de la junta y entonces el peticionario acudió a la misma reclamándole fuese entregada su licencia y aquélla resolvió en enero de 1916, no solamente negando la petición de que se le entregara la licencia, sino también anulando los exámenes que el peticionario había aprobado, fundándose para todo ello en que el compareciente, al matricularse para sus exámenes de farmacia, no había cumplido con el requisito exigido por la ley al acreditar su instrucción con un diploma de alta escuela, sino que se había limitado a acreditarla con un diploma de maestro graduado de inglés; y que con posterioridad a dicha resolución la Legislatura de Puerto Rico votó la Ley número 15 de 19 de mayo de 1921, y amparán-

dose en lo dispuesto en la sección 9 de dicha ley, toda vez que el peticionario ha ejercido consecutivamente por más de seis años la profesión y no tuvo absolutamente ninguna intervención en los hechos que motivaron el procesamiento y separación de algunos de los miembros de la Junta de Farmacia en el año 1913, acudió a dicha junta para que, de acuerdo con dicho precepto y en vista de encontrarse dentro de las condiciones exigidas por la ley, se le reconociese el derecho a ejercer su profesión de farmacéutico y se le entregara su licencia, y la junta, en 20 de julio de 1921, negó dicha solicitud fundándose en que no ve razón alguna por la cual pueda derogar el acuerdo tomado en 1916.

Expedido el auto en forma alternativa o condicional, la demandada formuló contestación en la que se expone como primera alegación "que del auto condicional expedido no aparece que se hayan alegado ante la corte hechos suficientes a determinar una causa de acción contra la Junta de Farmacia demandada", y negándose además, y de un modo específico, las alegaciones contenidas en el auto.

Celebrada la vista, la corte inferior dictó en enero 23, 1922, un auto perentorio "ordenando a la Junta de Farmacia de Puerto Rico que inmediatamente proceda a reconocer a favor de Rafael Robert el derecho a ejercer y a continuar ejerciendo la profesión de farmacia, y, a tal efecto, a entregarle la correspondiente licencia de farmacéutico." De esta resolución se estableció el presente recurso y el apelante, si bien señaló varios errores, solamente consideramos esenciales a los fines de esta apelación:

1°. Indebida aplicación de la Ley No. 15 de 19 de mayo de 1921, autorizando la creación de una Junta de Farmacia, etc. y para otros fines; y

2°. Errónea apreciación de los hechos.

Aparece de la prueba que el peticionario Rafael Robert solicitó a la Junta de Farmacia, allá en 1913, la matrícula para sufrir los exámenes reglamentarios de la profesión de

farmacia y obtener la licencia para su ejercicio legal en
Puerto Rico. La matrícula se llevó a cabo llenando los requi-
sitos 1, 2 y 3 de la sección 7 de la ley de 8 de marzo de 1906,
autorizando la organización de una Junta de Farmacia, se-
gún fué enmendada por la Ley de 10 de marzo de 1910, cuya
sección en su totalidad dice:

᠆ "En la primera quincena de octubre, la Junta de Farmacia for-
malizará las matrículas de todos los alumnos, presentando éstos al
efecto:

"(1)    Una solicitud pidiendo ser matriculados;
"(2)    Documento que acredite su identidad;
"(3)    Certificación de conducta;
"(4)    Diploma o documento con que se acredite haber aprobado
las asignaturas del curso científico o literario, de una alta escuela
de la isla o de una acreditada institución igual o análoga, ya de
los Estados Unidos, ya del extranjero, a satisfacción de la junta."

El 4°. requisito no se cumplió debidamente, porque a la
solicitud solamente se acompañaba un diploma de maestro
graduado de inglés, que no es equivalente al diploma de alta
escuela. Esto fué una deficiencia, y no obstante, la Junta
de Farmacia admitió al peticionario a examen, quien luego
fué aprobado en todas las asignaturas reglamentarias de la
profesión de farmacia, incluso el examen de práctica. Si
fuéramos a considerar la deficiencia anotada en cuanto a la
presentación del diploma de maestro graduado de inglés,
a la luz de lo que de un modo preceptivo exige el párrafo
4°. de la sección 7ª., *supra,* nuestra conclusión sería que la
Junta de Farmacia al admitir, aprobar y expedir una licen-
cia en tales condiciones, procedió *ultra vires,* siendo de apli-
cación en tal sentido la doctrina que se tiene sentada por
esta Corte Suprema en los casos de *Monclova* v. *Junta de
Farmacia,* 24, D. P. R. 46; *Vives* v. *Junta de Farmacia,* 24
D. P. R. 669, y *El Pueblo* v. *López,* 28 D. P. R. 377, y espe-
cialmente la declaración de este último en donde se sostiene
la falta de discreción de la Junta de Farmacia para califi-

ficar la equivalencia de un diploma, diciendo que las pala-
bras ''a satisfacción de la Junta'' se refieren solamente al
certificado de haberse obtenido un diploma de alta escuela
en los Estados Unidos u otra parte.

Pero después de aquellos casos parece que se trató de
crear una situación enteramente nueva con motivo de la
aprobación por la Asamblea Legislativa de Puerto Rico de
la Ley número 15 de 19 de mayo de 1921, autorizando la
creación de una Junta de Farmacia y para otros fines. Esta
Ley, sin duda, fué puesta en vigor, entre otros fines, para
solucionar o convalidar la condición de aquellos farmacéu
ticos que siendo inocentes en relación con ciertos sucesos
que dieron lugar a la persecución criminal de determinados
miembros de la Junta de Farmacia, obtuvieron sus diplo-
mas sin haber llenado previamente los requisitos prescritos
por la ley en aquella fecha. En tal sentido se legisló por
la sección 9 de la reciente ley, lo que sigue:

''Toda persona a cuyo favor se haya expedido una licencia de
Farmacéutico sin haber llenado previamente los requisitos prescritos
por la Ley, y haya ejercido consecutivamente por un período no
menor de tres años, tendrá derecho a ejercer o a continuar ejer-
ciendo la profesión de farmacia, siempre que dicha persona no haya
sido convicta de fraude con el propósito de obtener la expedición
de la licencia.''

Esta sección dispone: 1º., La expedición de una licencia
de farmacéutico, sin haberse llenado previamente los requi-
sitos prescritos por la ley; 2º., haber ejercido la profesión
consecutivamente por un período no menor de tres años; y,
3º., no haber sido convicto de fraude con el propósito de obte-
ner la expedición de la licencia.

Por estipulación de las partes (pág. 37 del récord) se ad-
mitió que el peticionario en septiembre de 1914 había apro-
bado todas las asignaturas de la profesión de farmacia, in-
cluso el examen práctico. Se demostró además que después
de estos exámenes la Junta de Farmacia fué renovada en la

mayor parte de sus miembros, y el nuevo secretario, a nombre de la misma, comunicó al peticionario diversos acuerdos, en cartas que literalmente copiadas, dicen:

"San Juan, P. R., 4 de agosto de 1915.—Señor:—Tengo el honor de acusarle recibo de su carta de fecha 27 de julio próximo pasado, en la cual manifiesta Ud. haber satisfecho desde hace algún tiempo los derechos correspondientes para la expedición de su licencia de farmacéutico, sin que hasta la fecha la haya recibido. En contestación, puedo informarle que esos derechos satisfechos por Ud. se encuentran en poder de esta Junta, pero el asunto de su licencia no puede ser resuelto todavía hasta que no se conozca el fallo de la Hon. Corte de Distrito de San Juan en relación con los asuntos de la anterior Junta de Farmacia."

"San Juan, P. R., 24 de diciembre de 1915.—Señor:—Su carta de fecha 11 del que cursa, solicitando el envío de su licencia de Farmacéutico, fué sometida a la consideración de esta junta, en su sesión del 21 del actual, la cual acordó que se pidieran a Ud. todos los diplomas, certificados, etc., de instrucción que posee y que fueron presentados por Ud. al hacer su matrícula de examen. Una vez remitidos los citados documentos, la junta procederá a su revisión, informando a Ud. a su debido tiempo del resultado de la misma."

"San Juan, P. R., 18 de enero de 1916.—Señor:—Tengo el honor de acusarle recibo de su carta de fecha 6 del que cursa, y de varios diplomas y certificados de instrucción que fueron presentados por Ud. a la anterior Junta de Farmacia para ser matriculado. Con dichos documentos y certificados dió cuenta esta Secretaría en la sesión celebrada por la junta el día 14 del que cursa, la cual, después de considerarlos detenidamente resolvió no admitirlos por creer que no son ellos suficientes para ser tomados como equivalentes al diploma de Alta Escuela que determina el inciso 4 de la sección 7ª. de la Ley de Farmacia, tal y como quedó enmendada por una ley de 10 de marzo de 1910. Por tanto, siguiendo el acuerdo de esta junta, tomado en sesión de 21 de diciembre próximo pasado, se declara nula la matrícula condicional de Ud. hecha por la anterior junta en octubre de 1913, y sin lugar todos sus exámenes de farmacia, no pudiendo Ud. dedicarse al ejercicio de dicha profesión en esta isla. En poder del Sr. R. L. Daubón, Tesorero de esta junta, se encuentra el dinero que hace tiempo envió usted para la expedición de la licencia de Farmacéutico, y a él podrá Ud. diri-

girse, cuando lo tenga por conveniente, en solicitud de dicha cantidad.—Muy atentamente, J. P. Serra, Secretario de la Junta de Farmacia.—Sr. Rafael Robert, Guaynabo, P. R.—P. D. Le devuelvo en paquete por separado los diplomas y certificados remitidos por Ud.—Vale.''

''San Juan, P. R., julio 20, 1921.—Sr. Rafael Robert, Farmacia 'La Fé,' Santurce, P. R.—Señor:—Por orden del Sr. Secretario. de la Junta de Farmacia, y de acuerdo con la petición hecha en su carta de fecha 7 de los corrientes, tengo el gusto de informarle que en sesión del día 16, celebrada por esta junta, se dió cuenta con su dicha carta y después de argumentada, fué acuerdo de este board, ratificar lo contenido en la carta dirigida a Ud. en enero 18 de 1916, toda vez que esta junta no ve razón alguna por la cual pueda derogar el acuerdo tomado en aquella fecha.—Atentamente. T. Vera Viera, Clerk, Board of Examiners.''

De toda la documentación transcrita se desprende claramente que el motivo fundamental de la negativa de la Junta de Farmacia a reconocer al peticionario a seguir ejerciendo la profesión y entregarle la licencia que alegaba que había sido expedida por la misma junta con anterioridad a su formación por nuevos miembros, descansaba siempre en que el peticionario había acompañado a su solicitud de exámenes un diploma de maestro graduado de inglés que dicha junta calificó de deficiente por no ser equivalente al diploma de alta escuela y no cumplir con el párrafo 4°. de la sección 7ª. de la ley anterior.

De manera que tomando como base los acuerdos de la Junta de Farmacia tal como estaba constituída en los años 1913-1914, y en los cuales no se reconoce la expedición de título o licencia a favor del peticionario para ejercer su profesión, claramente no resulta aplicable al presente caso la sección 9 de la Ley núm. 15 *supra,* aprobada en o antes del 6 de mayo de 1921, fecha en que fué recibida por el Gobernador de Puerto Rico, quien no la devolvió a la Cámara de su origen antes del 19 de mayo, por lo cual fué convertida en ley y entró en vigor el 17 de agosto de 1921.

Pero examinando además los méritos del caso, si bien la prueba demuestra que desde 1914 hasta 1921 el peticionario ha venido ejerciendo sin interrupción la profesión de farmacia, no así resulta probado el punto esencial relativo a la expedición de la licencia al peticionario. Este es uno de los requisitos que exige para su aplicación la sección 9 antes citada. Parecería lógico asumir, conforme al curso natural de las cosas, que después de matriculado un alumno, sufrir y pasar sus exámenes, que se le expidiera la correspondiente licencia que autorizara el ejercicio legal de su profesión. Sin embargo, este es uno de los extremos más fuertemente combatido por el apelante. La prueba del peticionario tendió a demostrar que la licencia fué extendida, pero que se admite que no fué *entregada* por estar pendiente de ser copiada en el libro de facsímiles. Y así como no se cumplió ese requisito, tampoco aparece del libro de actas de la Junta de Farmacia la constancia de haberse extendido la licencia ni menos fué encontrada entre los documentos o archivo de que se incautó el fiscal en ocasión de la causa criminal que se inició contra determinados miembros de dicha junta con motivo de fraudes que ocurrieron en la expedición de ciertas licencias autorizando el ejercicio de la profesión a otras personas. Es verdad que lo que referimos es prueba más bien de carácter circunstancial, pero si a ella se añade el testimonio negativo del testigo Ramón L. Daubón, uno de los miembros de aquella junta, y que ninguna conexión tuvo con los hechos delictivos, tenemos que convenir que la prueba es fuerte y vigorosa en el sentido de la inexistencia de tal licencia y, en cuanto a este punto, la parte substancial y pertinente de la declaración del testigo Ramón Daubón dice:

"P. ¿Una vez matriculado y pasado los exámenes recuerda algo que se expidiera o que se acordara expedir, o se tomase un acuerdo de librar alguna licencia o título a favor del señor Robert?—R. No señor.

"P. ¿La Junta de Farmacia acordó en alguna ocasión expedir algún título de farmacéutico al señor Robert?—R. No, señor.

"P. ¿Recuerda si la Junta de Farmacia o algunos miembros de la junta, firmaron título o licencia alguna a favor del señor Robert? —R. Yo no sé.

"P. ¿Ha firmado de su puño y letra algún título a favor del señor Robert?—R. No señor.

"P. ¿Cuántos eran los miembros de la Junta?.—R. Cinco, Pedro Juliá, presidente, José J. Monclova, secretario, tesorero yo, Calderón y Ramírez.

"P. ¿De modo que de estos cinco era Ud. el tesorero?—R. Sí, señor.

"P. ¿De todos modos tenía que firmar ese título de haberse expedido?—R. Sí, señor.

"P. ¿Ud. dice que no lo firmó?—No, señor.

"P. Nada más."

No tenemos duda acerca de las palabras del testigo Daubón. El era miembro de la Junta de Farmacia e inocente de toda complicación en los fraudes denunciados. Su testimonio no podía tener la menor sospecha en oposición a aquellos otros miembros de la junta que fueron perseguidos y acusados por comerciar con la expedición de licencias. Sus testimonios por sí sospechosos carecían además de toda credibilidad ante el silencio del libro de actas en ese respecto y de no haberse encontrado tal documento en el archivo de dicha junta y del cual se incautó la policía y el fiscal a los fines de la causa criminal que se inició contra ellos. Nuestra conclusión es que nunca existió tal licencia, y siendo ello así tampoco resulta de aplicación a este caso la sección 9 de la Ley núm. 15, *supra.*

Por lo expuesto, la sentencia de la corte inferior debe revocarse y declararse sin lugar la demanda, sin especial condenación de costas.

*Revocada la sentencia apelada sin costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.